THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| RYAN HORN | : | CASE NO. 3:15-cv-423 |
| PLAINTIFF, | : | JUDGE WALTER H. RICE |
| VS. | : | CHIEF MAGISTRATE JUDGE SHARON L. OVINGTON |
| R. C. HEMM GLASS SHOPS, INC. | : | **STIPULATED PROTECTIVE ORDER** |
| DEFENDANT. | : | |

WHEREAS, the Parties anticipate that during the course of this litigation they will produce material in discovery that may include sensitive or proprietary business or commercial information, other sensitive, internal or proprietary information, and/or trade secrets ("hereinafter, "Confidential Materials");

WHEREAS, the Parties have agreed to the entry of this Order protecting the confidentiality of such information.

THEREFORE, by agreement of the Parties, IT IS HEREBY ORDERED:

1. The Confidential Materials shall be marked or stamped "CONFIDENTIAL." All designations of Confidential Materials shall be made in good faith by the producing Party and made at the time of disclosure, production, or tender, provided that the inadvertent failure to so designate does not constitute a waiver of such claim, and a producing party may so designate the information after such information has

been produced, with the effect that such information is thereafter subject to the protections of this Order.

2. In the event any Party disagrees with any designation of confidentiality, the parties shall attempt to resolve such dispute on an informal basis. If the dispute is not resolved informally, any party, by motion, may contest the confidential designation. Pending resolution of the motion, the disputed material will continue to be treated as confidential. If the Court determines that any materials are not entitled to such treatment, confidentiality will nonetheless be maintained for fourteen (14) days subsequent to the Court's decision unless the Court, upon motion and for good reason shown, shall reduce or lengthen the time.

3. Any portion of any deposition transcript that references the contents of the Confidential Materials shall be marked as "CONFIDENTIAL" and shall be protected under the terms of this Order. All copies of deposition transcripts that contain material designated as "CONFIDENTIAL" shall be prominently marked "CONFIDENTIAL" on the cover thereof and, if and when filed with the Clerk, the portions of such transcript designated "CONFIDENTIAL" shall be filed under seal.

4. The Confidential Materials shall be used only for the prosecution and/or defense of this action; any other case that, by order of the Court, is consolidated with this action, or any appeal therefrom, and not for any business or other purpose whatsoever. The Parties and their counsel agree and expressly represent that the Confidential Materials shall only be disclosed, disseminated or used for this litigation, and shall not be used for any purpose except for the prosecution or defense of this litigation. Under no circumstances, other than those specifically provided for in this Order or subsequent

Order or a court order or with the explicit consent in writing of the producing party with respect to specifically identified Confidential Materials, shall Confidential Materials or their contents in any way whatsoever be revealed, published, disclosed or otherwise made known to persons other than the following:

    a.    the parties to this action;

    b.    counsel for the parties who have appeared in this action, as well as their employees assisting with this action;

    c.    experts or consultants retained in good faith to assist counsel in this litigation;

    d.    court reporters who record testimony taken in the course of this litigation;

    e.    the Court;

    f.    witnesses;

except that Confidential Materials or their contents may be revealed, disclosed or otherwise made known to persons other than those described above upon obtaining, prior to such disclosure, the explicit written consent of the producing party permitting such disclosure or a court order.

    5.    Each person given access to the Confidential Materials pursuant to paragraph 4 of this Order shall be advised by counsel for the party giving access that the material or information is being disclosed pursuant and subject to the terms of this Order and may not be disclosed other than pursuant to the terms thereof.

    6.    Entering into, agreeing to and/or producing or receiving materials or otherwise complying with the terms of this Order shall not:

    a.    restrict or impair in any way the right of a producing party to use its own Confidential Material;

  b.  prejudice in any way the rights of a party to object to the future production of documents it considers not subject to discovery;

  c.  prejudice in any way the rights of a party to attempt to introduce into evidence the Confidential Materials, subject to any and all objections made thereto;

  d.  prejudice in any way the rights of a party to apply to the Court for a protective order or an in camera inspection relating to any Confidential Materials or other discovery materials; or

  e.  prejudice in any way the rights of a party to apply to the Court at any time for an order removing a party's confidential designation.

7. After the termination of this proceeding, this Order shall continue to be binding upon the parties hereto and their successors and assigns, and upon all persons to whom the Confidential Materials has been disclosed or communicated and all such persons agree that the Court shall retain jurisdiction over the parties for enforcement of its provisions.

8. If any party (or their counsel) to this action receives a subpoena or other compulsory process demanding information, documents or materials considered "CONFIDENTIAL" pursuant to this Order, the party or counsel receiving the subpoena or other compulsory process shall give written notice of the subpoena or other compulsory process to counsel for the producing party at least 14 days prior to the return date, or, if the subpoena or other compulsory process has a return date of less than 14 days, notice shall be given to the designating person by email or facsimile as soon as possible but in no event later than 72 hours prior to the return date.

9. Absent notification in writing that the producing party has taken (or intends to take) action to protect the confidentiality of the requested information, document or material, the party or counsel subject to the subpoena or other compulsory process may produce the requested information, document or material on the return date

provided it makes clear that such information, documents and material were provided with the understanding that they would be maintained confidentially pursuant to this Order.

10. The failure of either party to enforce any provision or provisions of this Order shall not be in any way construed as a waiver of any such provision or provisions, nor prevent that party from thereafter enforcing each and every other provision of this Order.

11. All Parties that execute this Order and Agreement will be bound by its terms immediately upon execution, regardless of whether the Court has acted on or approved the Order, unless the Court expressly directs otherwise.

APPROVED BY:

/s/ Rachel A. Sabo, Esq.
Rachel A. Sabo (0089226)
Rachel@thefriedmannfirm.com
*Counsel for Plaintiff*
**The Friedmann Firm LLC**
1457 S. High Street
Columbus, OH 43207
(614) 610-9755: Phone
(614) 737-9812: Fax

/s/ Jonathan S. Zweizig
Andrew R. Pratt - #0063764
Jonathan S. Zweizig - #0069381
LOPEZ, SEVERT & PRATT CO., L.P.A.
18 East Water Street
Troy, OH 45373
Phone: (937) 335-5658
Facsimile: (937) 335-8943
arp@lsplaw.org
jonz@lsplaw.org
Attorney for Defendant

SO ORDERED:

DATED May 23, 2016.

                                                                                                                             JUDGE RICE

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon all parties via the Court's electronic filing system, on this 16th day of May, 2016.

                                                      /s/ Rachel A. Sabo, Esq.

                                                      Rachel A. Sabo (0089226)