IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

RYAN HORN,

    Plaintiff,

v.

R.C. HEMM GLASS SHOPS, INC.,

    Defendant.

Case No. 3:15-cv-423

JUDGE WALTER H. RICE

---

DECISION AND ENTRY SUSTAINING PLAINTIFF'S MOTION TO BIFURCATE (DOC. #31); OVERRULING PLAINTIFF'S MOTION IN LIMINE REGARDING COVELLI'S MEDICAL CONDITIONS (DOC. #34); SUSTAINING PLAINTIFF'S MOTION TO STRIKE WITNESSES OR, IN THE ALTERNATIVE, MOTION IN LIMINE TO EXCLUDE THE TESTIMONY OF WITNESSES (DOC. #35); RESERVING RULING ON PLAINTIFF'S "TRIAL MEMORANDUM" REGARDING ADMISSIBILITY OF EMPLOYER INSURANCE COVERAGE (DOC. #36), WHICH THE COURT CONSTRUES AS A MOTION IN LIMINE; OVERRULING PLAINTIFF'S MOTION IN LIMINE REGARDING CHILD SUPPORT AND RELATED ISSUES (DOC. #37)

---

Plaintiff, Ryan Horn, filed suit against his former employer, R.C. Hemm Glass Shops, Inc., alleging disability discrimination in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and Ohio Revised Code § 4112.02. The claims stem from Plaintiff's termination immediately following his return to work after an outbreak of a Methicillin-resistant Staphylococcus aureus ("MRSA") infection. Trial is set to begin on June 27, 2017.

This matter is currently before the Court on five motions filed by Plaintiff: (1) Plaintiff's Motion to Bifurcate (Doc. #31); (2) Plaintiff's Motion in Limine Regarding Covelli's Medical Conditions (Doc. #34); (3) Plaintiff's Motion to Strike Witnesses or, in the Alternative, Motion in Limine to Exclude the Testimony of Witnesses or, in the Alternative, Allow Depositions and Discovery Related to the Newly Added Witnesses (Doc. #35); (4) Plaintiff's "Trial Memorandum" Regarding Admissibility of Employer Insurance Coverage (Doc. #36); and (5) Plaintiff's Motion in Limine Regarding Child Support and Related Issues (Doc. #37).

## I.   Plaintiff's Motion to Bifurcate (Doc. #31)

Pursuant to Fed. R. Civ. P. 42(b), Plaintiff asks the Court to bifurcate the liability and compensatory damages phase of the trial from the punitive damages phase. He also asks that counsel be instructed to make no reference to punitive damages in the first phase of the trial.

Rule 42(b) allows the Court to bifurcate issues "[f]or convenience, to avoid prejudice, or to expedite and economize." Plaintiff suggests that bifurcation would save time by avoiding the need to present evidence related to punitive damages prior to establishing Defendant's liability.

Defendant has not objected to Plaintiff's request. To the extent that Plaintiff may introduce evidence sufficient for the Court to allow the jury to consider a claim for punitive damages, the Court SUSTAINS Plaintiff's Motion to Bifurcate, Doc. #31, and instructs counsel not to mention punitive damages during the first

2

phase of the trial. Should Plaintiff's claim for punitive damages remain viable following the jury's verdict on Phase One, evidence, arguments and the law on punitive damages will be presented to the same jury immediately thereafter.

II.     Plaintiff's Motion in Limine Regarding Covelli's Medical Conditions (Doc. #34)

Pursuant to Federal Rules of Evidence 401, 403 and 404, Plaintiff asks the Court to prohibit Defendant from introducing any evidence concerning Maria Covelli's medical conditions. Like Plaintiff, Covelli was employed by Defendant when she was diagnosed with a MRSA infection. As with Plaintiff, Defendant told her that she could not return to work without a note from her healthcare provider stating that she posed no threat to the health and safety of others. Defendant, however, did not terminate Covelli's employment.

Plaintiff argues that this evidence should be excluded as irrelevant because the situation with Ms. Covelli occurred "several years ago," and there is no evidence that she and Plaintiff had the same supervisor or that the same individuals were involved in the decision-making. In the alternative, Plaintiff argues that the evidence should be excluded because its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. He claims that none of the trial witnesses has personal knowledge of Covelli's diagnosis and any testimony related to that diagnosis would be hearsay.

3

The Court finds that evidence concerning Defendant's treatment of Maria Covelli is highly relevant to Plaintiff's claim that his termination was motivated, at least in part, by his alleged disability. This is particularly true given that Covelli and Plaintiff worked in the same office, and Pat Smith was the Human Resources Manager throughout their employment. The probative value of this evidence is great, and it is not substantially outweighed by the danger of unfair prejudice. Moreover, in the Court's view, there is little chance that the jury will be confused or misled when evidence concerning Defendant's treatment of Covelli is introduced at trial. Whether Defendant will be able to introduce such evidence without recourse to hearsay remains to be determined.

Plaintiff also argues that, to the extent that Defendant seeks to introduce evidence of its own "good character" with respect to its treatment of Covelli to prove that it acted in accordance with that good character in dealing with Plaintiff, such evidence must be excluded under Fed. R. Evid. 404(a)(1). Rule 404(a)(1), however, speaks of a "person's character or character trait." The application of this rule to an inanimate corporation is dubious at best.

For these reasons, the Court OVERRULES Plaintiff's Motion in Limine Regarding Covelli's Medical Conditions, Doc. #34.

III.  Plaintiff's Motion to Strike Witnesses or, in the Alternative, Motion in Limine to Exclude the Testimony of Witnesses or, in the Alternative, Allow Depositions and Discovery Related to the Newly Added Witnesses (Doc. #35)

Pursuant to Fed. R. Civ. P. 37(c), Plaintiff has moved to strike witnesses Daniel Ramirez, Trudy Heath, Greg Snipes, and John Alexander, or to exclude their testimony because Defendant only recently identified them as witnesses and Plaintiff has had no opportunity to depose them or to conduct any written discovery.[1] In the alternative, Plaintiff requests the opportunity to conduct expedited discovery and depositions with respect to these witnesses. Rule 37(c) states that if a party fails to identify a witness as required by Fed. R. Civ. P. 26(a) or (e), the party cannot use that witness at trial "unless the failure was substantially justified or is harmless."

Defendant admits that it failed to disclose the identity of these witnesses in a timely manner. It nevertheless argues that the failure is substantially justified and/or harmless because "Plaintiff knew the names of witnesses Daniel Ramirez, John Alexander, and Greg Snipes and the scope of their relevant knowledge well before trial and Trudy Heath was not previously disclosed because she was named in response to Plaintiff's deposition testimony." Doc. #44, PageID#335.

Plaintiff's deposition, however, was taken on September 23, 2016; Trudy Heath was not disclosed as a witness until May 30, 2017. Defendant offers no

---

[1] Heath and Ramirez are allegedly current or former employees of Defendant; Snipes and Alexander are Defendant's customers who were allegedly dissatisfied with the quality of Plaintiff's work.

justification for why it could not have identified her as a witness prior to the close of discovery. Neither can the failure to identify her in a timely manner be deemed harmless, given that Plaintiff has had no opportunity to conduct any discovery related to this witness, and trial is set to begin tomorrow.

Defendant notes that Daniel Ramirez was listed as one of the individuals providing answers to a set of interrogatories, and that one of Ramirez's handwritten notes, documenting Plaintiff's poor work performance, was produced in discovery. *Id.* at PageID#336. Likewise, Defendant points out that an email was produced in discovery from Plaintiff's supervisor concerning problems with a project that Plaintiff was working on for Greg Snipes. *Id.*

However, the mere fact that Plaintiff was familiar with the names of these witnesses and the scope of their relevant knowledge is not enough. Neither is the fact that these individuals may have been referenced in documents produced in discovery. Until Defendant actually identified these individuals as witnesses, Plaintiff had little incentive to depose them or conduct written discovery. Accordingly, Defendant's failure to timely identify them as witnesses cannot be deemed harmless.

The case on which Defendant relies, *Production Design Services, Inc. v. Sutherland-Schultz, Ltd.*, No. 3:13-cv-338, 2015 WL 4945745 (S.D. Ohio Aug. 20, 2015) is factually distinguishable in that the individuals in that case were, in fact, identified as potential lay witnesses in the initial disclosures. That does not appear to be the case here.

6

Allowing Plaintiff to conduct expedited discovery with respect to these witnesses is simply not feasible at this late date. As he notes, even if he were permitted to conduct depositions of these witnesses, there is a possibility that he would need to conduct follow-up discovery. Time has run out.

For the reasons set forth above, Plaintiff's Motion in Limine to Exclude the Testimony of Witnesses, Doc. #35, is SUSTAINED.

IV. **Plaintiff's Motion in Limine Regarding Admissibility of Employer Insurance Coverage (Doc. #36)**

Plaintiff has also filed a "Trial Memorandum Regarding Admissibility of Employer Insurance Coverage," Doc. #36, which the Court construes as a motion in limine. Plaintiff seeks to introduce evidence, during the punitive damages phase of the trial, that Defendant has insurance coverage that will, presumably, pay any compensatory damages awarded during the first phase of the trial. He claims that this evidence is relevant because, in determining the size of a punitive damages award, the jury may consider the company's financial condition and the economic impact of the award on the company. If evidence of Defendant's insurance coverage is excluded, the jury might falsely believe that they should consider the damages previously awarded in assessing these factors.

As Defendant notes, Plaintiff cites to no authority in support of his request. Defendant notes that there is "no Ohio case directly on point that [liability insurance] coverage can be used to determine the appropriate amount of punitive

7

damages." *Nolan v. Conseco Health Ins. Co.*, 7th Dist. Nos. 07JE30/31, 2008-Ohio-3332, at ¶ 181.

Nevertheless, because this case is being tried in federal court, the Federal Rules of Evidence apply. Federal Rule of Evidence 411 prohibits evidence of liability insurance coverage from being used to prove whether the person acted negligently or otherwise wrongfully, "[b]ut the Court may admit this evidence for another purpose." Fed. R. Evid. 411. Neither party has cited any federal case holding that evidence of insurance coverage is admissible in the punitive damages phase of a trial to assist the jury in determining a proper award.

Defendant argues that evidence of insurance coverage should be excluded as irrelevant under Federal Rules of Evidence 401 and 402. In the alternative, Defendant argues that such evidence should be excluded under Fed. R. Evid. 403 because the probative value of such evidence would be substantially outweighed by the danger of unfair prejudice. Defendant contends that a jury might be much more generous in awarding punitive damages if it knows that an insurance company will be footing the bill for the award of compensatory damages.

Given the paucity of authority on this topic, the Court will RESERVE RULING on Plaintiff's motion, and revisit this issue if and when it reaches the punitive damages phase of the trial. In the meantime, if the parties discover relevant federal case law on this issue, they should bring it to the Court's attention.

V.   Plaintiff's Motion in Limine Regarding Child Support and Related Issues (Doc. #37)

Pursuant to Federal Rules of Evidence 401 and 403, Plaintiffs asks the Court to prohibit Defendant from introducing evidence concerning his child support obligations. He notes that, after he was terminated, he spent a weekend in jail because he was financially unable to pay his child support obligations. To the extent that this is relevant only to the question of whether he mitigated his damages, Plaintiff is willing to stipulate that any jury award should be reduced by an amount equal to two days of pay.

To the extent that Plaintiff seeks to exclude evidence of his incarceration, this issue is moot, because Defendant has indicated it does not intend to introduce any such evidence. However, Defendant argues that other evidence of Plaintiff's child support obligations is relevant, given that Plaintiff has indicated that he is seeking damages for child support payments and arrearages. Such evidence would be admissible and, in the Court's view, its probative value is not substantially outweighed by the danger of unfair prejudice.

Plaintiff apparently believes that the jury will look unfavorably on the fact that he is obligated to pay child support for three minor children that he fathered with three different women. The fact that the children have three different mothers is irrelevant and prejudicial, and will be excluded under Fed. R. Evid. 403. However, to the extent that Plaintiff seeks to recover damages that include child support payments and arrearages, evidence of his child support obligations is

9

relevant and admissible. For these reasons, Plaintiff's Motion in Limine Regarding Child Support and Related Issues, Doc. #37, is OVERRULED.


Date: June 26, 2017

WALTER H. RICE
UNITED STATES DISTRICT JUDGE